UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61755

CIV-MARTINEZ

MAGISTRATE JUDGE
BANDSTRA

FILED by ___ D.C.
INTAKE
NOV 30 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

KAREN LEWIS, an individual, on behalf
of herself and all others similarly situated,

Plaintiff,

vs.

ADAM JEFFREY KATZ, P.A., a Florida
professional association, and ADAM
JEFFREY KATZ, an individual,

Defendants.
_____/

COMPLAINT - CLASS ACTION

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Karen Lewis, an individual, on behalf of herself and all others similarly situated sues Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, and Adam Jeffrey Katz, an individual, and alleges:

### I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

### III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Karen Lewis ("Ms. Lewis"), is *sui juris* and a resident of Duval County, Florida.

4. At all times material hereto, Defendant, Adam Jeffrey Katz, P.A. ("Collection Law Firm") was a Florida professional association doing business in Broward County, Florida.

5. At all times material hereto, Defendant, Adam Jeffrey Katz ("Attorney Katz"), was *sui juris* and a resident of Broward County, Florida.

6. Defendants are or were engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempted to collect consumer debts alleged to be due to another in Broward, Palm Beach and Miami-Dade Counties, Florida.

### IV. FACTUAL ALLEGATIONS

7. For an extended period of time, Defendants have acted as collection attorneys for various creditors, including an entity known as National Management Recovery, Inc. ("National Management").

8. In the course of its representation of National Management, Defendants regularly collected or attempted to collect monies from persons for consumer debts, including credit cards, retail installment agreements and other extensions of credit.

9. Several years prior to the filing of the instant action, Ms. Lewis entered into an agreement to purchase and finance a mobile home in Duval County, Florida ("Consumer Credit Agreement") for her personal and household purposes.

10. At some unknown time in the past, the Consumer Credit Agreement was purportedly assigned to National Management for unknown consideration.

11. Sometime prior to January, 2007, National Management retained Defendants for the purpose of collecting monies purportedly owed under the Consumer Credit Agreement.

12. On or about January 3, 2007, Defendants sent or caused to be sent to Ms. Lewis written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies under the Consumer Credit Agreement ("Collection Communication").

13. A true and correct copy of the Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

## V.  DEFENDANT'S PRACTICES

14. It is or was the policy and practice of Defendants to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

15. It is or was the policy and practice of Defendants to send collection letters in the form of Exhibit "A" to consumers which failed to disclose in the initial written communication with the consumer that the Defendants as debt collectors were attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in any subsequent communications or the communications from a debt collector in violation of 15 U.S.C. §1692e(11).

## VI.  CLASS ACTION ALLEGATIONS

16. This action is brought on behalf of a class consisting of (i) all persons with addresses in the state of Florida (ii) to whom letters the same form as Exhibit "A" were sent (iii)

in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (vi) during the one year period prior to the filing of the complaint in this action.

17. Plaintiff alleges on information and belief based on the Defendants' use of letters in the form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendants' use of letters in the form of Exhibit "A," Plaintiff estimates that the class includes hundreds or thousands of class members.

18. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A."

19. The principal legal issues are whether Defendants' letters in the form of Exhibit "A" violate the FDCPA by:

(A) failing to properly inform the consumer with respect to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g, and

(B) by failing to disclose in the initial written communication with the consumer that the debt collector was attempting to collect a debt and any information obtained will be used for that purpose, and the failure to disclose in any subsequent communication that the communication was from a debt collector in violation of 15 U.S.C. §1692e(11).

20. Ms. Lewis' claim is typical of those of the class members. All are based on the

same facts and legal theories.

21. Ms. Lewis will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

22. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

24. Ms. Lewis requests certification of a hybrid class of Rule 23(b)(3) of the Federal Rules of Civil Procedure for monetary damages and Rule 23(b)(2) of the Federal Rules of Civil Procedure for equitable relief.

## VII. ALLEGATIONS OF LAW

25. At all times material hereto, Ms. Lewis was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

26. At all times material hereto, National Management was a "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

27. At all times material hereto, the Consumer Credit Agreement was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

28. At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6).

29. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30. Defendants violated the requirements of 15 U.S.C. §1692g by failing to properly inform the consumer of his or her rights for debt verification in a manner which was not

reasonably calculated to confuse or frustrate the least sophisticated consumer in contravention of 15 U.S.C. §1692g.

31. Through the Collection Communication, Defendants violated the requirements of 15 U.S.C. §1692e(11) by failing to inform the consumer that Defendants were attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in any subsequent communications that the communication was from a debt collector in violation of 15 U.S.C. §1692e(11).

32. As a result of Defendants' conduct, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

33. Plaintiff and the class are entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Karen Lewis, an individual, requests judgment be entered in her favor and in favor of the class against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, and Adam Jeffrey Katz, an individual, for:

A. Declaratory judgment that Defendants' Exhibit "A" violates the Fair Debt Collection Practices Act;

B. Statutory damages pursuant to 15 U.S.C. §1692k;

C. An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D. Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Karen Lewis, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
rphyu@aol.com



**ADAM JEFFREY KATZ, P.A.**
**ATTORNEY AT LAW**

MEMBER FEDERAL BAR

5571 UNIVERSITY DR. · SUITE #204
CORAL SPRINGS, FL. 33067

OFFICE: 954-761-8080 · FAX: 954-523-5723

MEMBER NATIONAL ASSOCIATION OF RETAIL COLLECTION ATTORNEYS

January 3, 2007

Ms. Karen Lewis
2652 Kings Tree Drive W
Jacksonville, Florida 32211

Re: NMRC101
    Active Balance: $54,024.47
    **Settlement Offer: $6,000.00**

Dear Ms. Lewis:

Please be advised that the undersigned represents National Management Recovery, Inc., for all its litigation regarding the enforcement of debt collection. My client has informed me that you have willfully disregarded all written and telephonic correspondence as it relates to the settlement of this valid debt. At this time, my client has referred your case to my firm for litigation. Unfortunately, your inability to negotiate in good faith, has caused the necessity for judicial intervention.

At this time, it is imperative that you contact my firm immediately to settle this matter. If you fail to contact the undersigned and settle this matter in good faith, then litigation will commence and include, but in no way be limited to, the principal sum owed, pre/post judgment interest, suit money, costs, and attorney's fees. It is certainly in your best interest to settle this matter immediately. If the above terms are not complied with, then litigation will commence without further notice. Kindly govern yourself accordingly. As always, I remain,

Very truly yours,

Adam Jeffrey Katz
Counsel for NMRC
AJK/ll
Cc: Ms. Jill Stanzione, President & CEO NMRC

**EXHIBIT "A"**

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Karen Lewis, an individual, o/b/o herself and all others similarly situated

## DEFENDANTS
Adam Jeffrey Katz, P.A., a Florida professional association, and Adam Jeffrey Katz, an individual

**MAGISTRATE JUDGE BANDSTRA**

(b) County of Residence of First Listed Plaintiff  Duval
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert W. Murphy, Esquire
1212 SE 2nd Avenue
Ft. Lauderdale, FL 33316; Telephone: (954) 763-8660

**CIV-MARTINEZ**
**07-61755**

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:07cv61755-Martinez Bandstra

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

FILED by ___ D.C.
NOV 30 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO       b) Related Cases ☐ YES ☒ NO
JUDGE _____       DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violation of 15 U.S.C. §1692 et sequi (Fair Debt Collection Practices Act)

LENGTH OF TRIAL via __2__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD       DATE 11/29/07

FOR OFFICE USE ONLY
AMOUNT _____  RECEIPT # _____  IFP _____
541674